UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:20-cr-00170-JPH-DML-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| CHRISTINA A. SMITH | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☐ DENIED WITHOUT PREJUDICE.

☒ DENIED. In 2021, Ms. Smith pled guilty to one count of burglary involving controlled substances, in violation of 18 U.S.C. § 2118(b), and one count of possession with the intent to distribute morphine, in violation of 21 U.S.C. § 841(a)(1). Dkts. 125, 126. The Court sentenced Ms. Smith to a term of 39 months of imprisonment, and 3 years of supervised release.

On December 15, 2022, Ms. Smith filed a motion for compassionate release. Dkt. 149. In her motion, Ms. Smith argues that she is being detained and not permitted to be released due to a fine she has outstanding with a Mississippi state court. Ms. Smith believes that she should have been released on October 5, 2022. Ms. Smith also states that she believes that she is not receiving all of the credits that she is due under the First Step Act and credit for completing the Residential Drug Abuse Program from the Bureau of Prisons. For these reasons, Ms. Smith is seeking compassionate release under 18 U.S.C. § 3582. The Court concludes that it does not require a response from the United States to resolve the issues raised by Ms. Smith's motion.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Here, Ms. Smith has not presented an extraordinary and compelling reason for compassionate release. First, any issue related to a fine with a Mississippi state court should be resolved with that court and is not a reason for release. Second, the BOP's alleged failure to properly calculate Ms. Smith's sentence is not an extraordinary and compelling reason for this Court to reduce her sentence. *See United States v. Wolfe*, No. 1:15-CR-00169-TWP-DML, 2020 WL 2615010, at *3 (S.D. Ind. May 22, 2020) (finding that alleged improper calculation of a sentence by the BOP is not an extraordinary and compelling reason for release). If Ms. Smith believes that the BOP is incorrectly calculating her sentence, her remedy is to file a habeas petition pursuant to 28 U.S.C. § 2241 in her district of confinement after exhausting administrative remedies. Section 2241 establishes a mechanism for a federal inmate who is "in custody" to challenge the execution of (rather than the imposition of) her sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *see also Wolfe*, 2020 WL 2615010, at *4 ("Mr. Wolfe cannot

do an end-run around the requirements of § 2241 by invoking § 3582(c)(1)(A)(i), and he cites no cases finding extraordinary and compelling reasons for a sentence reduction in a similar situation.").

Because Ms. Smith has not shown extraordinary and compelling reasons warranting release,[1] the Court need not consider whether the sentencing factors in § 3553(a) weigh in favor of release.

Accordingly, Defendant's motion for compassionate release, dkt. [149], is **denied**.

**SO ORDERED.**

Date: 1/11/2023

                                       James Patrick Hanlon
                                       United States District Judge
                                       Southern District of Indiana

Distribution:

Christina A Smith
Register Number: 17555-028
FCI Hazelton
Federal Correctional Institution
P.O. Box 5000
Bruceton Mills, WV  26525

All Electronically Registered Counsel

---

[1] To the extent Ms. Smith intended to raise her rehabilitation as a separate extraordinary and compelling reason to grant her compassionate release, the Court finds that argument unavailing. While the Court applauds Ms. Smith for her efforts at rehabilitation and accomplishments while in prison, rehabilitation alone cannot be an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A). *See United States v. Peoples*, 41 F.4th 837, 842 (7th Cir. 2022) ("[R]ehabilitation cannot serve as a stand-alone reason for compassionate release") (cleaned up); *see also* 28 U.S.C. § 994(t). The Court does not find that Ms. Smith's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling to grant her compassionate release.